Argued and submitted April 5, ballot title certified April 20, 2000

Frank EISENZIMMER,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S47337)

998 P2d 1272

Paul R. Rundle, of Kent, Conley & Rundle, P.C., Portland, argued the cause and filed the petition for petitioner.

Rolf C. Moan, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With him on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

Riggs, J., specially concurred and filed an opinion.

## PER CURIAM

This is a ballot title review proceeding brought under ORS 250.085(2). Petitioner is an elector who timely submitted written comments concerning the content of the draft ballot title submitted to the Secretary of State and who therefore is entitled to seek review of the ballot title certified by the Attorney General. *See* ORS 250.085(2) (stating that requirement).

We have considered petitioner's arguments concerning the ballot title certified by the Attorney General. We conclude that petitioner has not shown that the Attorney General's certified ballot title fails to comply substantially with the standards for such ballot titles set out in ORS 250.035(2)(a) to (d) (1997).[1] *See* ORS 250.085(5) (setting standard). Accordingly, we certify to the Secretary of State the following ballot title:

AMENDS CONSTITUTION: MODIFIES TERM
LIMITS FOR HOUSE, SENATE; RETAINS
TOTAL LIFETIME LIMIT

RESULT OF "YES" VOTE: "Yes" vote modifies specific term limits for state House, Senate; retains twelve-year lifetime limit.

RESULT OF "NO" VOTE: "No" vote retains: six-year (House), eight-year (Senate) term limits; twelve-year lifetime limit.

SUMMARY: Amends Constitution. Current legislative term limits are six years for state representatives, eight years for senators, twelve years total in Legislative Assembly. Measure allows twelve years in House or Senate, or

---

[1] The 1999 Legislature amended ORS 250.035 (1997). Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people of the general election held on the first Tuesday after the first Monday in November 2000 * * *."

The present proposed measure is one of those to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035 (1997).

twelve years combined service. Eliminates counting service filling vacant statewide, legislative office as full term; instead, vacancy service counts toward lifetime limit. Prohibits appointment, election to vacant office if serving term's remainder would violate limits. Covers service years beginning on first day of next full office term or vacancy occurring after December 3, 1992.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).

**RIGGS, J.,** concurring.

I join in the court's disposition in this case. I write separately to point to a concern that is endemic to all cases of this kind.

As I indicated in my concurring opinion in *Nelson v. Myers*, 330 Or 92, 100, 996 P2d 975 (2000) (Riggs, J., concurring), I harbor reservations concerning the propriety and constitutionality of this court's role in the review and modification of ballot titles under ORS 250.085(5).[1] On further reflection, I conclude that, although *review* is within the bounds of Article III, section 1, of the Oregon Constitution,[2] *modifying* a ballot title is not.

An extended discussion of the reasons for my view is unnecessary because, for the most part, Justice Durham's concurring opinion in *Sizemore v. Kulongoski*, 322 Or 229, 237, 905 P2d 1146 (1995) (Durham, J., concurring), explains sufficiently my own view of the separation of powers problem that this court's role in initiative petition cases presents. Nevertheless, a brief supplemental discussion of this issue is in order.

---

[1] ORS 250.085(5) provides:

"The court shall review the title for substantial compliance with the requirements of ORS 250.035, and shall certify a title meeting this standard to the Secretary of State."

[2] Article III, section 1, of the Oregon Constitution, provides:

"The powers of the Government shall be divided into three separate (sic) departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another[.]"

It is clear that the legislature may not pass a statute that requires this court to *draft* a ballot title, any more than it could direct this court to pave Oregon's roads, run Oregon's prisons, or prescribe administrative rules for operating the state lottery, because this court's performance of those tasks would violate Article III, section 1. It follows ineluctably, I believe, that ORS 250.085(5), to the extent that it requires this court to *modify* a ballot title, offends Article III, section 1: The impermissibility of imposing the greater duty—drafting—subsumes the impermissibility of imposing the lesser duty—modifying.

The principle of separation of powers prohibits this court from engaging in nonjudicial functions. Modifying a ballot title is just such a nonjudicial function.

Accordingly, I concur with the majority's opinion, because it involves only an appropriate judicial function—a determination that the ballot title certified by the Attorney General complies with applicable legal standards.